76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard HANKINS, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 95-7117.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the report and recommendations of the magistrate judge and affirming the decision of the Commissioner of the Social Security Administration finding that appellant Richard Hankins is not disabled within the meaning of the Social Security Act and therefore not entitled to disability insurance or supplementary security income benefits under Titles II or XVI of the Act. Appellant appeals on the grounds that the district court erred in finding that substantial evidence supports the determination of the Commissioner that appellant retains the capacity to perform a full range of sedentary work and that the district court erred in finding that there was substantial evidence to support the Commissioner's findings with respect to nonexertional pain. Finally, appellant alleges on appeal that the Commissioner failed as a matter of law to meet her burden to produce substantial evidence of a range of alternative work which the appellant can perform despite his impairments. We AFFIRM.
 
 
 3
 Appellant Hankins suffered from polio as a child and has suffered since that time from atrophying of muscles in his left arm and leg and associated weakness. Mr. Hankins further has suffered from chronic hypertension since at least June 30, 1990. He has further sought treatment for heart palpitations and chest pain. Appellant sought social security disability benefits and supplemental security income in 1989. Benefits were denied at that time after appeals to the Appeals Council level. In January of 1993, appellant renewed his application for benefits in the current application. These applications were denied in March of 1993. The denial was affirmed following a hearing before an administrative law judge and reviewed by the Appeals Council. The Commissioner determined that appellant is not disabled and that he has the residual functional capacity to perform a full range of sedentary work. We review the Commissioner's final decision, as did the district court, to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner's decision was made according to the appropriate relevant legal standards. Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 4
 As an initial matter, appellant argues that the ALJ improperly relied upon evidence dated prior to May 1, 1990 and that this court should not consider any evidence dated prior to June 30, 1990. Although we emphasize that it is often important for the ALJ to consider evidence dated twelve months prior to the date of an alleged disability in order to evaluate medical history, we do not reach that issue in this case because the record contains substantial evidence developed in support of this application for benefits after May 1, 1990, which independently supports the Commissioner's determination that the appellant was not disabled.
 
 
 5
 Most of appellant's claims on appeal relate to his alleged inability to work because of both the weakness in his left arm and hand and his continuing heart condition. With respect to both of these physical impairments, the record contains substantial evidence from appellant's treating physicians relating to these impairments and to their effect upon appellant's ability to work. The ALJ clearly took into account both impairments in determining the extent of appellant's ability to work and placing him in a category that requires only that he perform a full range of sedentary work.
 
 
 6
 Appellant also argues that the ALJ failed to properly consider appellant's nonexertional claims of headaches and chest pains in determining that appellant is not disabled. Appellant's complaints of pain were clearly before the ALJ. Appellant claims that the headaches, cardiac arrhythmia, chest pain, and other nonexertional pain precluded the ALJ from applying the Medical-Vocational Guidelines. We disagree. The ALJ in this case clearly took into account the nonexertional pain and determined that the claimant had no significant nonexertional impairment and could do the full range of work at the residual functional capacity level of sedentary work, as required in Thompson v. Sullivan, 987 F.2d 1482 (10th Cir.1993).
 
 
 7
 The ALJ found that appellant's claims of disabling pain were not fully credible due to the lack of any objective findings by either examining or treating physicians, the lack of medications for severe pain, the infrequency of record evidence of treatment for pain, and the demonstrated and observed lack of discomfort at the hearing. Thus, these findings support our determination that there was substantial evidence to find that the Commissioner could appropriately rely on the Medical-Vocational Guidelines. Under these circumstances, no vocational expert was required at the hearing.
 
 
 8
 Appellant's request on appeal for a remand for a psychiatric examination appears inconsistent with the pleadings and evidence presented to the district court and before the ALJ. Because we find that substantial evidence exists to support the findings of the ALJ and that the ALJ applied the appropriate legal standards, we AFFIRM the order of the district court for substantially the reasons given in the report of the magistrate judge and adopted by the district court.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3